**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          0 Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  **Shara D. Sudol**

Debtor(s)

Case No..: **19-16596-CMG**
Judge: **Christine M. Gravelle**

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: **04/01/2019**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **WL**     Initial Debtor: **SDS**     Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay **253.03 Monthly*** to the Chapter 13 Trustee, starting on **May 1, 2019** for approximately **84** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☑ Loan modification with respect to mortgage encumbering property:
  Description: **160 Rutledge Court North, Matawan, NJ**
  Proposed date for completion: **November 30, 2020**

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     **X NONE**

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---:|
| Albert Russo | Administrative | 1,809.06 |
| Warren Levy 032181989 | Attorney Fees | 1,038.00 |
| Internal Revenue Service | Taxes and certain other debts | 0.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been

| | | | |
|---|---|---|---|
| | assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4): | | |
| Creditor | Type of Priority | Claim Amount | Amount to be Paid |

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing | 160 Rutledge Street North Matawan, NJ 07747 Middlesex County | 10,648.80 post-petition arrears | 0.00 | 10,648.80 | 0.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| **Specialized Loan Servicing - pre petition arrears** |

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☑    Not less than __100__ percent

☐    *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7: Motions    X NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8: Other Plan Provisions**
    a. **Vesting of Property of the Estate**
       ☑ Upon Confirmation
       ☐ Upon Discharge

    b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

    **d. Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **April 1, 2019**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Client fell behind on post petition payments due to COVID-19** | **Modifying Plan by including post petition arrears and extending plan term to 84 months.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☑ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $253.03 per month for 18 months, then $205.08 per month for 66 months**

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 8/18/2020    /s/Shara D. Sudol
**Shara D. Sudol**
Debtor

Date: _____    _____
Joint Debtor

Date 8/18/2020    /s/Warren Levy
**Warren Levy 032181989**
Attorney for the Debtor(s)

```
                             United States Bankruptcy Court
                                    District of New Jersey
In re:                                                              Case No. 19-16596-CMG
Shara D. Sudol                                                      Chapter 13
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin                Page 1 of 2          Date Rcvd: Aug 20, 2020
                              Form ID: pdf901            Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 22, 2020.
db             +Shara D. Sudol,    160 Rutledge Court North,    Matawan, NJ 07747-9723
aty            #+KML Law Group,    Sentry Office Plaza,    216 Haddon Avenue,    Suite 406,
                 Westmont, NJ 08108-2812
aty            #+KML Law Group P.C.-NJ,    216 Haddon Avenue,    Suite 406,    Westmont, NJ 08108-2812
lm             +Specialized Loan Servicing, LLC,    Attn: Customer Care,    P.O. Box 630147,
                 Littleton, CO 80163-0147
cr             +Specialized Loan Servicing, LLC, as servicing agen,    P.O. Box 340514,    Tampa, FL 33694-0514
518156913       Account Resolution Services,    1643 Nw 136 Ave Bld H St,    Sunrise, FL 33323
518156912      +Account Resolution Services,    Attn: Bankruptcy,    Po Box 459079,    Sunrise, FL 33345-9079
518294686      +Cascade Funding Mortgage Trust 2017-1,    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
518156921      +Parker McCay, P.A.,    9000 Midatlantic Drive, Suite 300,    P.O. Box 5054,
                 Mount Laurel, NJ 08054-5054
518156922      +Specialized Loan Servicing,    8742 Lucent Blvd,    Suite 300,    Littleton, CO 80129-2386
518914690      +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129-2386
518914691      +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129,    Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
518554770     ++++THE MONEY SOURCE,    GROSS POLOWY, LLC,    2500 PLAZA FIVE STE 2548,    JERSEY CITY NJ   07311-4026
                (address filed with court:    The Money Source,    Gross Polowy, LLC,    2500 Plaza 5, Suite 2548,
                 Jersey City, NJ 07311)
518272569       Wells Fargo Bank, N.A.,    PO Box 10438, MAC F8235-02F,    Des Moines, IA 50306-0438
518156923      +Wf/raymour,    Po Box 14517,    Des Moines, IA 50306-3517

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 21 2020 01:27:34      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 21 2020 01:27:30      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518156915       E-mail/Text: ebn@americollect.com Aug 21 2020 01:27:41      Americollect,    1851 S Alverno Road,
                 Manitowoc, WI 54221
518156914       E-mail/Text: ebn@americollect.com Aug 21 2020 01:27:41      Americollect,    Po Box 1566,
                 1851 South Alverno Road,    Manitowoc, WI 54221
518156916      +E-mail/Text: bankruptcy@sccompanies.com Aug 21 2020 01:28:44      Ashro,    1112 7th Ave,
                 Monroe, WI 53566-1364
518156917      +E-mail/Text: bankruptcy@sccompanies.com Aug 21 2020 01:28:44      Ashro,    3650 Milwaukee St,
                 Madison, WI 53714-2304
518156918       E-mail/Text: sbse.cio.bnc.mail@irs.gov Aug 21 2020 01:26:42      Internal Revenue Service,
                 Centralized Insolvency Operation,    P.O. Box 7346,    Philadelphia, PA 19101-7346
518182855       E-mail/PDF: MerrickBKNotifications@Resurgent.com Aug 21 2020 01:36:00      MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
518156920      +E-mail/Text: bankruptcydpt@mcmcg.com Aug 21 2020 01:27:29      Midland Funding,
                 2365 Northside Drive,    San Diego, CA 92108-2709
518156919      +E-mail/Text: bankruptcydpt@mcmcg.com Aug 21 2020 01:27:29      Midland Funding,
                 2365 Northside Dr Ste 300,    San Diego, CA 92108-2709
518243583      +E-mail/Text: bankruptcydpt@mcmcg.com Aug 21 2020 01:27:29      Midland Funding LLC,
                 P.O. Box 2011,    Warren, MI 48090-2011
518159802      +E-mail/PDF: gecsedi@recoverycorp.com Aug 21 2020 01:36:44      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 12

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
lm*            +Specialized Loan Servicing,    8742 Lucent Boulevard,    Suite 300,    Littleton, CO 80129-2386
                                                                                              TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

```
District/off: 0312-3          User: admin              Page 2 of 2            Date Rcvd: Aug 20, 2020
                              Form ID: pdf901          Total Noticed: 27
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 19, 2020 at the address(es) listed below:
          Albert    Russo     on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert    Russo     docs@russotrustee.com
          Denise E. Carlon     on behalf of Creditor    Cascade Funding Mortgage Trust 2017-1
           dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
          Gavin    Stewart     on behalf of Creditor    Specialized Loan Servicing, LLC, as servicing agent for
           Cascade Funding Mortgage Trust 2017-1 bk@stewartlegalgroup.com
          Julie    Cascino    on behalf of Creditor    The Money Source jcascino@grosspolowy.com,
           ecfnotices@grosspolowy.com
          Keri P. Ebeck    on behalf of Creditor    Specialized Loan Servicing, LLC, as Servicer for Cascade
           Funding Mortgage Trust 2017-1 kebeck@bernsteinlaw.com,    jbluemle@bernsteinlaw.com
          Kevin Gordon McDonald    on behalf of Creditor    Cascade Funding Mortgage Trust 2017-1
           kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com
          Maria D. Ramos-Persaud    on behalf of Creditor    The Money Source mramos-persaud@grosspolowy.com,
           ecfnotices@grosspolowy.com
          Maria D. Ramos-Persaud    on behalf of Creditor    The Money Source, Inc.
           mramos-persaud@grosspolowy.com,    ecfnotices@grosspolowy.com
          U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
          Warren D. Levy    on behalf of Debtor Shara D. Sudol gdeangelo@keaveneylegalgroup.com,
           jdimaggio@keaveneylegalgroup.com;r46514@notify.bestcase.com
                                                                                            TOTAL: 11
```